## No. 9116.

MRS. C. H. GIBSON AND HUSBAND VS. BENNETT F. HITCHCOCK ET AL.

MRS. CARRIE F. HITCHCOCK ET AL. VS. JOHN MACKIN ET AL.

### Consolidated.

Exceptors have no interest to question the validity of the judgment of the parish court of Concordia recognizing their opponents as widow and heir of Hitchcock and putting them in possession of his estate. They exhibit nothing throwing doubt upon the sole heirship of the heir or indicating any other person having rights as such, and whether the mother be surviving widow in community or not, she is recognized as such by the heir, who has accepted unconditionally and joins her in these proceedings, by which she is fully bound.

APPEAL from the Ninth District Court, Parish of Concordia. *Hough, J.*

*Wade R. Young* for the Appellants.

*J. S. Boatner* and *Dagg & Mason* for the Appellees.

The opinion of the Court was delivered by

FENNER, J. Hitchcock, defendant in the first above mentioned suit, died in 1878, leaving all or most of his estate in the parish of Concor-

dia. His succession was opened in that parish, his will constituting his daughter, Laura A. Hitchcock, his sole and universal legatee, was probated, and upon regular proceedings, Mrs. Caroline F. Hitchcock and the said daughter were recognized and sent into possession as widow in community and sole heir. They entered and have remained in undisturbed possession.

In those capacities they voluntarily appeared and filed answer as representatives of the deceased defendant in the first suit and brought the second suit, above mentioned. Mrs. Gibson and her husband put the last cause at issue by filing an answer to the merits, and the two causes were consolidated.

When they came on for trial, Mrs. Gibson filed a motion for continuance and an exception denying that Mrs. and Miss Hitchcock were the widow and heir of Bennett Hitchcock, and setting up nullity of the judgment recognizing them as such, on the ground that at the time of his death he was a resident of the city of New Orleans.

The continuance was granted and the exception was tried and maintained.

Waiving the question of the timeliness of the exception, we think the exceptors had not the least interest in setting up the nullity of the judgment of the parish court of Concordia, upon a ground not appearing upon the face of the proceedings, but dependent on extrinsic evidence of matter *in pais*. Especially is this true when the record does not suggest the slightest doubt as to the sole heirship of Miss Hitchcock, or indicate any other person having an interest in the estate.

Whether the judgment be valid or not, she has gone into possession and accepted unconditionally and has the right to stand in judgment. It matters not to exceptors whether the mother be really surviving widow in community or not She is recognized as such by the heir, who acts with her in these proceedings and is fully bound by them.

It is, therefore, ordered and decreed that the judgment appealed from be annulled, avoided and reversed; and it is now ordered and decreed that the exception be overruled and the case remanded, to be proceeded with according to law, appellees to pay costs of the exception in the court below and of this appeal.